Appeal of THE BOYD TAX SERVICE CORPORATION.    Docket No. 485.

A corporation twenty-nine-thirtieths of whose capital stock is owned by an individual who is not regularly engaged in the active conduct of the affairs of the corporation is not entitled to be classed as a personal service corporation under the Revenue Act of 1918.

Submitted December 16, 1924; decided January 16, 1925.

*William H. Williams, Esq.*, for the taxpayer.

*J. A. Adams, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

## Before LANSDON, SMITH, and TRAMMELL.

The taxpayer appeals from a proposed additional assessment of income and profits taxes for the years 1919 and 1920. No documentary or oral evidence was offered. From stipulation read into the record by counsel for the taxpayer the Board makes the following

FINDINGS OF FACT.

1. The taxpayer is a Delaware corporation, with its principal offices in Washington, D. C. It supplies advice and supervision to its patrons in making income and other tax returns; collects, digests, compiles, and distributes statistics and other information relating to legislation, administrative rules and regulations, departmental procedure and decisions, financial, commercial, and industrial activities, as shall be requested by its patrons, and conducts a general auditing and accounting business.

2. The paid-in capital stock of the taxpayer during the years 1919 and 1920 amounted to $3,000 divided into 30 shares of the par value of $100 each. S. H. Boyd, president and general manager, owned one share of the capital stock. Mrs. S. H. Boyd owned the other 29 shares, but was not active in the affairs of the corporation.

3. During the years 1919 and 1920 a contract between the taxpayer and S. H. Boyd included the following provisions:

*Second.* That the said S. H. Boyd shall receive and be paid for his said services a salary of eight thousand ($8,000.00) per annum, commencing on the 11th day of January, 1919, and payable monthly in twenty-four (24) equal installments on the first and 15th days of each calendar month or within ten (10) days thereafter, and in addition to said salary there shall be set aside and paid to him at the end of each fiscal year, a sum equal to fifty (50) per centum of the net earnings of the company; provided, however, that if during any fiscal year of the company's operations this employment shall be terminated otherwise than by the death or permanent disability of the said Boyd, he shall not be entitled to receive all or any part of the said fifty (50) per centum of the net earnings of the company for such year.

*Third.* The term of this employment shall commence with the date of this agreement and continue for a period of one year; provided, however, that the said Boyd shall be reelected president and general manager of the company from year to year so long as he is in position to fill said offices and to perform the duties thereof and shall desire to so continue; provided, however, that if the net profits at the end of any fiscal year shall be insufficient to pay dividends upon the capital stock of this company, paid in cash and then outstanding at the rate of six (6) per centum per annum, then and in that event the board of directors may at its option terminate the employment of the said Boyd and elect some other person to fill such position as president and general manager; provided, that in such event the said Boyd shall have and is hereby given the option of purchasing the then outstanding shares of the stock of this company at par, for cash, and of continuing the business on his own account, and the company in such event agrees to undertake to procure and to deliver to the said Boyd all of such outstanding shares.

4. The letter of the Commissioner asserting a deficiency of $2,199 in income and profits taxes for the years 1919 and 1920 was mailed to the taxpayer on August 30, 1924, and appeal from the same was filed with the Board on October 29, 1924.

DECISION.

The deficiency determined by the Commissioner is approved.

OPINION.

LANSDON: The Board has heretofore stated its interpretation of section 200 of the Revenue Act of 1918, which governs the classification of corporate taxpayers as personal service corporations in the appeals of *Bryant & Stratton Commercial School, Inc.*, 1 B. T. A. 32; the *Dalton Gymnasium and Swimming School, Inc.*, 1 B. T. A., 54, and the *Cleveland Snow-Church Co.*, 1 B. T. A. 234. In the case at bar it is necessary only to determine whether the evidence adduced by the taxpayer entitles it to the same privilege.

At the hearing of this appeal, counsel for the taxpayer argued that the laudable motives that impelled S. H. Boyd to lodge the ownership of twenty-nine-thirtieths of the issued stock of the taxpayer in his wife should be considered by the Board. It was also urged, in behalf of the taxpayer, that in forming the corporation, Boyd capitalized his reputation, high standing, and expert knowledge of Federal taxation, and, as a matter of fact, incorporated himself in such a way that in the event of his death the business of the taxpayer might still go under the control of Mrs. Boyd, with its prestige, good will, assets, and earning power unimpaired. Counsel also argued that the relations existing between husband and wife are of such a nature that the husband is really the principal owner and in control of a corporation even though a majority of the stock is legally owned by the wife.

The Board respects the motives of Boyd in planning to assure a competence for his family, but, in its consideration of this appeal, it is necessary to apply provisions of the law that have no doubtful meaning to facts that are not disputed.

The taxpayer has proved that it renders personal services to its patrons, and that invested capital is not a material income producing factor in its operations, but it has failed to convince the Board that its principal owners or stockholders are regularly engaged in the active conduct of its affairs. The stipulation shows that S. H. Boyd, the owner of only one of the 30 outstanding shares of capital stock, devotes all his time, and that Mrs. S. H. Boyd, the owner of the remaining 29 shares of stock, devotes no time to the taxpayer's business affairs.

The taxpayer relies on certain provisions of its contract with S. H. Boyd to prove its contention. The first claim is that the obligation to pay Boyd one-half of its net profits in excess of 6 per cent per annum on invested capital is evidence that he must be regarded as one of the principal owners. The Board can not agree with such an interpretation of the facts. It was a proper corporate act for the taxpayer to enter into an obligation to pay its general manager a share of its profits as a bonus in addition to his stated salary. Such agreements are not unusual and are commonly regarded as a legitimate method for inducing employees to do their best in all proper ways to increase the earnings of their employers. Noth-

ing in the contract of employment indicates that the taxpayer ceded any of its corporate powers to Boyd, or relinquished any control over its affairs to him, other than to clothe him with the authority customarily exercised by the general manager of the business operations of a corporation.

Another provision of the contract between Boyd and the taxpayer, included in full in paragraph 3 of the findings of fact made by the Board, is cited by the taxpayer in proof of its contention that Boyd is in fact a principal owner of the corporation. Even if this provision were enforceable at law, the taxpayer has offered no proof that Mrs. S. H. Boyd has ever surrendered control of her stock, either by the proper indorsement of her stock certificates or otherwise. Nor is there anything in evidence to show that S. H. Boyd has exercised his option to acquire all the stock of the corporation.

The Board is of the opinion that S. H. Boyd secured no control over the taxpayer through the provisions of his contract of employment; that he has not availed himself of the provisions of the contract through which he might have become the sole owner; and that the relationship of husband and wife gives neither husband nor wife any legal control over property that belongs exclusively to the other. There is no legal foundation for the contention that S. H. Boyd is a principal owner or stockholder of the taxpayer, and, therefore, this appeal falls.